Rev. 3/19

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

MARK JONATHAN GOSSETT,
*Plaintiff's full name and prisoner number*

Plaintiff,

v.

DOMINIQUE LOUISE ENG JINHONG,

EDWARD G. HOLM, MARGRETE HOLM,

DOE

*Defendant's/defendants' full name(s)*

Defendant(s).

(If you cannot fit all of the defendants' names in the space provided, please write "see attached" in the space above and attach additional sheets of paper, as necessary, with the full list of names. The names listed here must be identical to those in Section II. Do not include addresses here. **Individuals whose names are not included in this section will not be considered defendants in this action.**)

Case No. 3:23-cv-05821-TSZ-MLP
(leave blank – for court staff only)

### PRISONER CIVIL RIGHTS COMPLAINT

Jury Demand?
☒ Yes
☐ No

## WARNINGS

1.      Do not use this form if you are challenging the validity of your criminal conviction or your criminal sentence. If you are challenging your conviction or sentence, or if you are seeking restoration of good-time credits that would shorten your sentence, you must file a Petition for Writ of Habeas Corpus. If you use this form to challenge your conviction or sentence, you risk having your claim dismissed. Separate forms are available for filing a habeas petition.

2.      Under the Prison Litigation Reform Act ("PLRA"), you are required to exhaust all remedies in your institution's grievance system that are available to you before filing suit. This generally means that you must file a grievance and, if it is denied, appeal it through all available levels of review. Your case may be dismissed if you fail to exhaust administrative remedies, unless the administrative grievance process was not "available" to you within the meaning of the PLRA. You are not required to plead or show that you have exhausted your claim in this complaint.

3.      Please review your complaint carefully before filing.  If your case is dismissed, it may affect your ability to file future civil actions while incarcerated without prepaying the full filing fee.  Under the PLRA, a prisoner who has had three or more civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim cannot file a new action without first paying the full filing fee, unless the prisoner is in imminent danger of serious bodily injury.

4.      Under Federal Rule of Civil Procedure 5.2, papers filed with the court, including exhibits or attachments to a complaint, may not contain certain information, which must be modified as follows:

| Do not include: | Instead, use: |
|---|---|
| • a full social security number | → the last four digits |
| • a full birth date | → the birth year |
| • the full name of a minor | → the minor's initials |
| • a complete financial account number | → the last four digits |

5.      You may, but do not need to, send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.  Any documents you submit *must relate directly to the claims you raise in this lawsuit*.  They will become part of the court record and *will not be returned to you*.

---

## I.    PLAINTIFF INFORMATION

GOSSETT,    MARK    J.                                                    None
Name (Last, First, MI)                                          Aliases/Former Names

317246
Prisoner ID #

Department of Corrections at Stafford Creek Correction Center
Place of Detention

191 Constantine Way, H1-26
Institutional Address

GRAYS HARBOR, ABERDEEN,          WASHINGTON          98520
County, City                     State                Zip Code

*Indicate your status:*

☐  Pretrial detainee                    ☒  Convicted and sentenced state prisoner
☐  Civilly committed detainee           ☐  Convicted and sentenced federal prisoner
☐  Immigration detainee

## II.    DEFENDANT INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint. Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page of the complaint. Attach additional sheets of paper as necessary.*

Defendant 1:    JINHONG,    DOMINIQUE
Name (Last, First)

ATTORNEY AT LAW
Current Job Title

9214 129th Street, NW
Current Work Address

Pierce, Gig Harbor,      Washington        98328
County, City                        State              Zip Code

Defendant 2:    Holm, Edward G. and Margrete
Name (Last, First)

Retired Prosecuting Attorney
Current Job Title

2000 Lakeridge Drive, SW
Current Work Address

Thurston,    Olympia,        Washington        98502
County, City                        State              Zip Code

Defendant 3:    DOE
Name (Last, First)

Unknown
Current Job Title

Unknown
Current Work Address

Unknown,    Unknown        Unknown        Unknown
County, City                        State              Zip Code

Page 3 of 9

### III.   STATEMENT OF CLAIM(S)

*In this section, you must explain what you believe each defendant did to violate your civil rights, and if you know, identify the federal statutory or constitutional right you believe was violated.*

*If you believe the defendant(s) violated your civil rights in more than one way, explain each violation under a different count. For example, if you believe you received constitutionally inadequate medical care and your religious rights were substantially burdened, include one claim under "Count I" (i.e., medical) and the other claim under "Count II" (i.e., religion).*

*Number your paragraphs. For example, in Count I, paragraphs should be numbered 1.1, 1.2, 1.3, etc., and in Count II, paragraphs should be numbered 2.1, 2.2, 2.3, etc. The first two paragraphs of each Count have been numbered for you.*

*If you have more than three counts, attach additional pages and follow the same format for each count.*

*If you attach documents to support the facts of your claim(s), you <u>must</u> specify which portion of the document(s) (i.e., page and paragraph) you are relying on to support the specific fact(s) of your claim(s). <u>If you do not specify the portion of the supporting document(s), the Court may disregard your document(s)</u>.*

### <u>COUNT I</u>

*Identify the first right you believe was violated and by whom:*

1.1   See Attached  with exhibits  _____

_____

*State the <u>facts</u> of your first claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

1.2   See Attached with exhibits  _____

_____

_____

_____

See Attached with exhibits

*State with specificity the <u>injury, harm, or damages</u> you believe you suffered as a result of the events you described above in Count I.  Continue to number your paragraphs.*

See Attached with exhibits

## COUNT II

*Identify the second right you believe was violated and by whom:*

2.1 _____ See Attached with exhibits _____

_____

*State the facts of your second claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

2.2 _____ See Attached with exhibits _____

See Attached with exhibits

*State with specificity the <u>injury, harm, or damages</u> you believe you suffered as a result of the events you described above in Count II. Continue to number your paragraphs.*

See Attached with exhibits

## COUNT III

*Identify the third right you believe was violated and by whom:*

3.1          N/A

*State the <u>facts</u> of your third claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

3.2          N/A

_____ N/A _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_State with specificity the <u>injury, harm, or damages</u> you believe you suffered as a result of the events you described above in Count III. Continue to number your paragraphs._

_____ N/A _____

_____

_____

_____

_____

## IV.   RELIEF

*State exactly what you want the Court to do for you.  For example, you may be seeking money damages from an individual defendant, you may want the Court to order a defendant to do something or to stop doing something, or you may want both kinds of relief.  Make no legal arguments.  Cite no cases or statutes.*

Relief attached

## V.   SIGNATURE

*By signing this complaint, you represent to the Court that you believe the facts alleged to be true to the best of your knowledge, that you believe those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.*

September 6, 2023
Dated

Plaintiff's Signature

# I. INTRODUCTION

1.1    This action places before the Court a lawsuit involving the administration and action of the Thurston County Prosecutor's office  (an office of Thurston County, charged with prosecution within the boundary of Thurston County), County Officials, subordinate agents and their spouses.

1.2    This complaint alleges that the plaintiff's civil rights were violated by Deputy Prosecuting Attorney Dominique Louise Eng Jinhong, in concert or at the direction of Prosecuting Attorney Edward G. Holm.

# II. PARTIES

Plaitiff

1.3    Mark Jonathan Gossett, #317246 ("Plaintiff") is presently serving a criminal sentence in custody of Washington Department of Correction.  At all times relevant to this action, prior to conviction, Plaintiff resided at 14606 Arrowood Lane, SE, Tenino, WA 98589.  Post conviction, plaintiff resides at Stafford Creek Correction Center, 191 Constantine Way, Hl-26, Aberdeen, WA  98520.

Defendant's

1.4    Defendant Dominique Louise Eng Jinhong ("DPA Jinhong") at all times relevant to this action was/is employed as Deputy Prosecuting Attorney, for Thurston County Prosecuting Attorney: 2000 Lakeridge Drive,

COMPLAINT                        - page 1 of 12 -

SW, Olympia, WA 98502; now practing at 9214 129th Street, NW, Gig Harbor, WA 98328; residing at 802 Alta Vista Place, Fircrest, WA 98406. DPA Jinhong was given authority to prosecute the plaintiff in Thurston Superior Court cause 08-1-02102-9. At all times relevant to this complaint, DPA Jinhong acted under the color of state law. She is sued in her individual as well as official capacity, jointly and severally, for those acts and omissions described fully below.

1.5   Defendant Edward G. Holm ("prosecuting attorney") at all times relevant to this action was/is elected as Thurston County Prosecuting Attorney: 2000 Lakeridge Drive, SW, Olypmia, WA 98502; residing at 7010 Wisley Lane, SE, Olympia, WA 98503. The prosecuting attorney was elected and charged with Thurston County's highest duties to enforce and abide by federal, state and local law. Duties as prosecuting attorney included employment, promotion and oversight of the Thurston County Prosecutor's Office. At all times relevant to this complaint, the prosecuting attorney directed DPA Jinhong and "DOES" under his authority while acting under the color of law. He is here by sued in his individual as well as official capacity, jointly and severally, for those acts and omissions described fully below.

COMPLAINT                          - page 2 of 12 -

1.6 Defendant Margrete Holm, spouse to Edward G. Holm, ("spouse Holm") at all times relevant to this action was/is the spouse to Edward G. Holm residing at 7010 Winsley Lane, SE, Olympia, Washington, 98503.

1.7 Defendant "DOE", the legal partner/spouse of DPA Jinhong, at all times relevent to this action was/is the legal partner/spouse of Dominique Louise Eng Jinhong, residing at _____, Gig Harbor, Washington, _____.

## III. JURISDICTION

1.8 Jurisdiction is asserted pursuant the United States Constitution and 42 U.S.C. §1983, to redress the deprivation of those rights secured by the United States Constitution, deprived by persons acting under the color of state law. The court has jurisdiction over these matters pursuant to 28 U.S.C. §§1331, 1334(a)(3).

1.9 Plaintiff's claims for injunctive relief is authorized pursuant to 28 U.S.C. §§ 2283, 2284.

1.10 The United States District Court for the Western District of Washington, in the County of Pierce, is the appropriate venue for trial pursuant to 28 U.S.C. §1931(b)(2); the County of Thurston is where the events complained of occurred.

## IV PREVIOUS LAWSUITS

1.11 Plaintiff has never before filed a civil suit, nor

COMPLAINT                          - page 3 of 12 -

has there been previous litigation regarding any of the issues described in this complaint.

### V. STATEMENT OF FACTS

1.12 On November 20, 2008, DPA Jinhong acting for the Thurston County Prosecutor's (aka "witness Jinhong") signed and personally swore, giving oath and affirmation, that the Determination of Probable Cause in Thurston Superior cause 08-1-02102-9 was true and correct. Witness Jinhong alleged that the plaintiff's daughter alleged "that when she was 14 years old the [appellant] committed" felony actions defined by the essential elements expressed within RCW 9A.44.079 (Class B felonies); and RCW 9A.44.089 (Class C felonies). Additionally, witness Jinhong swears, giving oath and affirmation to a non-statutory essential element of a "prior conviction of Assault in the 4th Degree/DV". Exhibit B: Determination of Probable Cause (See page 1:20; page 2:2-3). ER 201(b): CP-2; RCW 9A.44.079; RCW 9A.44.089.

1.13 On November 20, 2008, DPA Jinhong signed and filed information alleging two counts of RCW 9A.44.076 (Class A felonies) and two counts of RCW 9A.44.086 (Class A felonies), based upon witness Jinhong's sworn testimony (¶1.12). Exhibit A: Information. ER 201(b); CP-2; RCW 9A.44.076; RCW 9A.44.086.

1.14 On November 19, 2008, Judge Anne Hirch signed Ex Parte an Order Determining Probable Cause, based upon DPA Jinhong Information (¶1.13) and witness Jinhong's sworn testimony (¶1.12). Exhibit C: Order Determining Probable Cause. ER 201(b): CP-3.

1.15 DPA Jinhong used witness Jinhong's sworn testimony (¶1.12) of a prior conviction to enter ER 404(b) evidence of prior bad acts of "sexual misconduct." Signed ex parte by Judge Pomeroy on August 15, 2009. Exhibit L: OMNIBUS: page 4: "ADDITIONAL MOTIONS" and "Hearing Schedule." ER 201(b): CP-34.

1.16 DPA Jinhong argued the conviction "demonstrated the defendant's intent, motive and to rebut his defense of parental use of force" and to "explain JIT's minimization of the assault and attempts to explain it away as an accidental fall off of a glider." (page 6:15-19). Specifically, DPA Jinhong used ER 404(b) evidence to "substantia[te] aspects of the crime itself" and to corroborate victim's testimony." (page 3: 25-26). By "offer[ing] evidence that the defendant was convicted of beating his adoptive son" the state had freedom to argue the "defendant and his wife Linda w[ere] absolutely brutal, complete with regular beatings for perceived indiscretion which caused them to be silent as to their individual abuse." (page 4: 1-6). Said conviction established

COMPLAINT                         - page 5 of 12 -

the defendant "brutalized" the alledged victim, furthering that his "true nature... rebutes his claim that he was a loving, God fearing parent" (page 5: 8-10). Furthering that "[p]rior bad acts of domestic violence is also admissible to help assess the victim's credibility and explain his or her inconsistent statements." (page 5: 17-18). These prior actions could be used to prove "consciousness of guilt" and to "show intent and the absence of accident." (page 5: 1-2; 13-14). Exhibit M: Memorandum In Support (as cited above). ER 201(b): CP-37.

1.17 Prior conviction used to substantiate need for expert testimony to collaborate alleged victim's abuse based upon prior abuse. Exhibit F: Irit of Mandamus: 100061-8: Attachment A.

1.18 Prior to sentencing DPA Jinhong's swears, giving oath and affirmation that no prior convictions exsist. Exhibit K: Office of the Prosecuting Attorney Statement of Criminal History. ER 201(b): CP-101. Corroborated by Public Records Request 2023-02, Caseload Forecast Council: April 11, 2023, expressed response: Executive Director, Erik Cornellier. ER 201(d). Exhibit K.

1.19 All criminal allegations sworn to by witness Jinhong (¶1.12) were/are barred from prosecution by statute

COMPLAINT                    - page 6 of 12 -

of limitations: RCW 9A.04.080 (RCW 9A.44.079; RCW 9A.44.089). Affirmative defense based upon probable cause is unavailable to the defendant(s). Exhibit I: Chapter 221, Laws of 1998: see page 1: section 2(1)(h). ER 201(b): Chapter 221, Laws of 1998. Exhibit J: Chapter 132, Laws of 2006: see page 1, section 1(1)(h). ER 201(b): Chapter 132, Laws of 2006. Exhibit O: Motion To Dismiss (excludes ER 201(d) evidence: RP-263:19 - RP 270:10). ER 201(b): CP 276 with judicial notice.

1.20 Procedural events follow: the plaintiff was arraigned on December 2, 2008, on the information (|| 1.13) and probable cause (¶1.12). See also: Exhibit N: Case Summary: page 2, CP-7 through CP-15.99.

1.21 On August 21, 2009, the State filed First Amended Information adding count 5: RCW 9A.72.110(1)(a) and RCW 10.99.020. Exhibit D. ER 201(b): CP-38: First Amended Information.

1.22 On April 14, 2010 the State argued for arraignment on count 5, cited in the First Amended Information, relying on probable cause filed by witness Jinhong. State argued the sufficiency of the information based upon probable cause and discovery. (RP 9: 7-9; RP 10:21-22; RP 11: 5-8). After the court struck count five the state filed Second Amended Information. Exhibit E: Second Amended Information. ER 201(b):

COMPLAINT                    - page 7 of 12 -

CP-72: Second Amended Information. Exhibit F: Writ Of Mandamus 100061-8: Attachment B, (as cited above). ER 201(b) Supreme Court No. 100061-8: Respondent's Respose to Court's Request For Information on status of Motions.

1.23  A jury trial began April 14, 2010. Exhibit N: Case Summary; page 6-8: CP-73 - CP-93.

1.24  The jury found the plaintiff guilty on all counts as charged on April 30, 2010. Exhibit G: Jury Instructions: essential elements of RCW 9A.44.076 (Instructions 9 through 10); essential elements of RCW 9A.44.086: (see Instructions 13 through 14). ER 201(b||: CP:89. See also verdict forms: ER 201(b||: CP-90 through CP-3.

1.25  That the Plaintiff was sentenced on June 10, 2010, to "245 months" to "Life" for counts I || II; to 116 months for counts III || IV. All counts run concurrent. Exhibit H: Judgment and Sentence; see page 5-6: §4.5(a)(b). ER 201(b): CP-104.

1.26  That the information and probable cause omit the common-||aw essential element; identifying a minor as a victim: omitting a date of birth to establish the essential element of a minor. RCW 9A.44.076; RCW 9A.44.079; RCW 9A.44.086; RCW 9A.44.089. Lacking a valid charging document the state relied upon a fabricated conviction to establish a valid charging

COMPLAINT                           - page 8 of 12 -

document.  Doing so the state failed to give notice while denying an absolute defense.  Exhibit A: Information.  Exhibit B: Probable Cause.  Instead the court and jury were inflamed based upon a scorched earth prosecution; plaintiff adopts appellate counsel's statement of case.  Exhibit P: statement of case: see pages 4-11.  ER 201(b): In re Pers. Restraint of Gossett, Wash.App. LEXIS 744 (2014): Brief of Petitioner.

1.27  Lack of subject matter jurisdiction and void charging document remains procedurally entombed before the superior court, failing to obtain a substantial ruling.  Motion To Dismiss details lack of jurisdiction (referenced for brevity).  Exhibit O: Motion To Dismiss.  ER 201(b): CP-276: (requested ¶1.19).  See also current procedural adjudication: ER 201(b): Writ of Mandamus': Mark J. Gossett v. Judge Carol Murphy: Supreme Court No. 101990-4; 102071-6; 102072-4.

VI EXAUSTION OF ADMINISTRATIVE REMEDIES

1.28  Administrative remedies do not apply to the plaintiff constitutional violation in the superior court.

VII CAUSE OF ACTION

1.29  COUNT I: False Arrest / False Imprisonment

That DPA Jinhong and the prosecuting attorney acted unlawfully, violating the petitioner's personal

COMPLAINT                          - page 9 of 12 -

liberty by restraint without legal authority. These actions occurred while acting under the color of law. Concurrently to acting as advocate, gave oath and affirmation to the probable cause, affirming and allegation outside the statute of limitations. The effects are of the United States Constitution, under the Fourth Amendment (illegal search and seizure) and the Fourteenth Amendment (right to due process).

1.30    COUNT II: Malicious Prosecution

That DPA Jinhon and the prosecuting attorney acted with malice and without probable cause, convicting the plaintiff by giving oath and affirmation to a probable cause outside the statute of limitations, filing and charging a different crime upon the information, swearing to and using a non-existent prior conviction to substantiate the probable cause and enter into evidence highly prejudicial and false evidence, convicting the plaintiff while acting as advocate and complaining witness. The affects are of the United States Constitution under the Fourth Amendment (illegal search and seizure) and the Fourteenth Amendment (right to due process).

VIII PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter an ORDER:

COMPLAINT                              - page 10 of 12 -

1.31    Issuing declatory relief, declaring that the actions ands omissions of the defendant's have violated plaintiff's rights and stating the defendants duties with respect to those rights;

1.32    Issuing injunctive relief, commanding the defendant's to

1). TO BE DETERMINED AND FILED IN AMENDED COMPLAINT.

2). TO BE DETERMINED AND FILED IN AMENDED COMPLAINT.

1.33    Awarding plaintiff compensatory damages for acting as advocate and witness, falsely arresting, falsely imprisoning and for maliciously prosecuting the plaintiff.  At a minimum, having a reckless or callous indifference, or as argued, an evil intent to deny the plaintiff's constitutional rights.  Damages to recover for mental anguish, emotional distress and unjust treatment: unlawful incarceration and denial of family relationships.  To include consequential pain and emotional suffering in an amount as yet to be deduced from the evidence, but in no event in an amount less than $28,000,000.00.

1.34    Award of punitive damages to be deduced from the evidence at trail.

1.35    any other relief that this Court may deem just and proper.

1.36    Trial by jury is hereby demanded on all claims alleged herein, and the parties are here by given

COMPLAINT                    - page 11 of 12 -

notice, pursuant to Fed. R. Civ. P.38(a)-(c).

RESPECTFULLY submitted the 6th day of September, 2023.

Mark J. Gossett, pro se

IX VERIFICATION

Pursuant to 28 U.S.C. §1746, I, Mark J. Gossett, declare and verify, under penalty of perjury under the laws of the United States of America, that I have read the foregoing and that it is true and correct to the best of my belief and knowledge.

DATED this 6th day of September, 2023.

Mark J. Gossett, pro se

COMPLAINT                              - page 12 of 12 -

WAWD – Certificate of Services (Revised 3/2021)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MARK JONATHAN GOSSETT,
                  Plaintiff(s),

   v.

DOMINIQUE LOUISE ENG JINHONG,
EDWARD G. HOLM; MARGRETE HOLM,
DOE

                Defendant(s).

CASE NO.

CERTIFICATE OF SERVICE

    I hereby certify that on               , I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

ATTORNEY GENERAL OF WASHINGTON, EDWARD G. & MARGRETE HOLM,

DOMINIQUE LOUISE ENG JINHONG, DOE.

And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Dated: 

/s/ MARK JONATHAN GOSSETT

(Sign or use a "s/" and your name

Name, Address and Phone Number of Counsel or Pro Se

CERTIFICATE OF SERVICE - 1