UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK JONATHAN GOSSETT,

                Plaintiff,

    v.

DOMINIQUE LOUISE ENG JINHONG, *et al.*,

                Defendants.

Case No. C23-5821-TSZ-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff Mark Jonathan Gossett ("Plaintiff"), proceeding *pro se*, is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. Plaintiff has submitted to this Court for filing: (1) an application to proceed *in forma pauperis* ("IFP") (dkt. # 4); and (2) a proposed § 1983 complaint (dkt. # 4-1). Plaintiff's proposed § 1983 complaint alleges violations of his Fourth and Fourteenth Amendment rights relating to his alleged false arrest, false imprisonment, and malicious prosecution on charges of second-degree rape of a child and child molestation that he was convicted on in Thurston County in 2010. (*See* dkt. # 4-1.)

REPORT AND RECOMMENDATION - 1

The Court, having reviewed Plaintiff's submissions and the balance of the record, concludes Plaintiff has not stated a cognizable claim for relief in this action. The Court therefore recommends that Plaintiff's proposed complaint (dkt. # 4-1) and this action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The Court further recommends that Plaintiff's application to proceed IFP (dkt. # 4) be DENIED as moot.

## II.   BACKGROUND

Plaintiff identifies the following Defendants in his proposed complaint: (1) former Thurston County Deputy Prosecuting Attorney ("DPA") Dominique Louise Eng Jinhong, and her legal partner/spouse "Doe"; and (2) former Thurston County Prosecuting Attorney Edward G. Holm, and his wife Margrete Holm. (Dkt. # 4-1 at 3, ¶¶ 1.4-1.7.)

Plaintiff's proposed complaint alleges that, on November 20, 2008, DPA Jinhong affirmed that a determination of probable cause for Plaintiff's charges of second-degree rape of a child and child molestation of his 14-year-old daughter was "true and correct," and that Plaintiff had a prior conviction for fourth-degree assault or domestic violence. (Dkt. # 4-1 at 13, ¶¶ 1.12-1.13; dkt. # 4-2, Ex. B.) Plaintiff alleges Thurston County Superior Court Judge Anne Hirsch signed an *ex parte* order finding probable cause based on DPA Jinhong's information and determination of probable cause. (Dkt. # 4-1 at 14, ¶ 1.14; dkt. # 4-2, Ex. C.)

Plaintiff alleges DPA Jinhong used her affirmation of a prior conviction to enter Rule 404(b) evidence of Plaintiff's prior acts of sexual misconduct, which DPA Jinhong used at trial to: (1) demonstrate Plaintiff's intent and motive; (2) rebut Plaintiff's defense of parental use of force; and (3) rebut the minor victim's minimization of her assault. (Dkt. # 4-1 at 14, ¶¶ 1.15-1.16; dkt. # 4-2, Ex. M.) On April 30, 2010, Plaintiff was convicted on two counts of second-degree rape of a child and two counts of second-degree child molestation and sentenced

to 245 months to life. (Dkt. # 4-1 at 17, ¶¶ 1.24-1.25; dkt. # 4-2, Ex. H.) Plaintiff alleges that, prior to sentencing on his convictions, DPA Jinhong affirmed no prior convictions existed, and that such criminal allegations were barred from prosecution by the statute of limitations. (Dkt. # 4-1 at 15, ¶¶ 1.18-1.19; dkt. # 4-2, Ex. K.)

In addition, Plaintiff alleges DPA Jinhong's information and determination of probable cause omitted "the common-law essential element" of identification of a minor as a victim, and the date of birth, to establish the victim was a minor. (Dkt. # 4-1 at 17, ¶ 1.26.) Plaintiff alleges the prosecution therefore proceeded absent a valid charging document and in "doing so[,] the [S]tate failed to give notice while denying an absolute defense." (*Id.*) Plaintiff further alleges the Thurston County Superior Court lacked subject-matter jurisdiction in the absence of a valid charging document. (*Id.* at 18, ¶ 1.27.)

Plaintiff identifies two causes of action arising out of the allegations set forth above. Plaintiff's first cause of action alleges false arrest and false imprisonment based on DPA Jinhong and Prosecuting Attorney Holm "violating [his] personal liberty by restraint without legal authority," in violation of his rights under the Fourth and Fourteenth Amendments. (Dkt. # 4-1 at 18-19, ¶ 1.29.) Plaintiff claims DPA Jinhong and Prosecuting Attorney Holm both engaged in such actions while acting under the color of law and concurrently "gave . . . affirmation to the probable cause, affirming an[] allegation outside the statute of limitations." (*Id.*)

Plaintiff's second cause of action alleges DPA Jinhong and Prosecuting Attorney Holm engaged in malicious prosecution, in violation of his rights under the Fourth and Fourteenth Amendments. (Dkt. # 4-1 at 19, ¶ 1.30.) Plaintiff claims DPA Jinhong and Prosecuting Attorney Holm acted with malice and without probable cause in convicting Plaintiff by giving "oath and affirmation" to probable cause outside the statute of limitations, by filing and charging a different

REPORT AND RECOMMENDATION - 3

crime "upon the information," and by using a non-existent prior conviction to substantiate probable cause and enter prejudicial and false evidence. (*Id.*)

As his requested relief, Plaintiff seeks a declaration stating that Defendants' actions and omissions violated his constitutional rights, unspecified injunctive relief, compensatory damages in an amount no less than $28 million dollars, and punitive damages. (Dkt. # 4-1 at 19-22, ¶¶ 1.31-1.35.)

### III.   DISCUSSION

#### A.   Legal Standards

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) that he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Vicarious liability may not be imposed on a supervisory employee for the acts of their subordinates in an action brought under § 1983. *Lemire v. California Dep't of Corrs. & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013). A supervisor may, however, be held liable under § 1983 "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

**B.     Analysis**

In this case, the Court first observes Plaintiff's alleged § 1983 claims are asserted against former Thurston County prosecuting attorneys, DPA Jinhong and Prosecuting Attorney Holm. (*See* dkt. # 4-1 at 3, ¶¶ 1.4-1.5.) The United States Supreme Court has held that, in light of common law immunity principles, persons who perform official functions in the judicial process

are absolutely immune from liability for damages under 42 U.S.C. § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334-36 (1983). Prosecutors have specifically been accorded absolute immunity from § 1983 claims for acts done within the scope of their official duties. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

It is clear from Plaintiff's proposed complaint that he is essentially challenging charging decisions made by DPA Jinhong and Prosecuting Attorney Holm. (*See* dkt. # 4-1 at 13-19, ¶¶ 1.12-1.30.) Such charging decisions are made within the scope of their official responsibilities and duties as prosecutors. As such, both DPA Jinhong and Prosecuting Attorney Holm are entitled to absolute immunity with respect to such claims.

Moreover, even if Plaintiff could assert a viable § 1983 claim against the proposed Defendants, such claims would necessarily implicate the validity of his conviction and would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." 514 U.S. at 489.

As liberally construed from the face of his complaint, Plaintiff's claims all stem from his Thurston County convictions for second-degree rape of a child and child molestation. (*See* dkt. # 4-1 at 17, ¶¶ 1.24-1.25.) Plaintiff has not demonstrated his convictions underlying his claims at issue in this case have been reversed, expunged, invalidated, or impugned by previous grant of habeas corpus.[1] Thus, under *Heck*, Plaintiff's claims have yet to accrue, and thus, are not cognizable in this § 1983 proceeding.

---

[1] Based on this Court's records, Plaintiff previously sought a petition for writ of habeas corpus to invalidate his convictions in 2015. *See Gossett v. Warner*, C15-5515-BHS (W.D. Wash.). Plaintiff's habeas petition was denied in January 2016. *Id.*, dkt. # 19. The Ninth Circuit Court of Appeals denied Plaintiff a certificate of appealability in May 2016. *Id.*, dkt. # 23.

REPORT AND RECOMMENDATION - 6

Where a *pro se* litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). The Court may however deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id.* Because the claims identified by Plaintiff in his proposed complaint are barred by prosecutorial immunity and otherwise concern a criminal conviction that has not been reversed, expunged, invalidated, or impugned by grant of a writ of habeas corpus, this Court recommends Plaintiff's § 1983 action be dismissed without leave to amend.

## IV.  CONCLUSION

Based on the foregoing, the Court recommends: (1) Plaintiff's proposed complaint (dkt. # 4-1), and this action, be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a viable claim for relief under § 1983; and (2) Plaintiff's application to proceed IFP (dkt. # 4) be DENIED as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 27, 2023.**

The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and to the Honorable Thomas S. Zilly.

REPORT AND RECOMMENDATION - 7

Dated this 3rd day of October, 2023.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　MICHELLE L. PETERSON
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

REPORT AND RECOMMENDATION - 8